IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROHIT R. CRAIG,               )
                              )
        Plaintiff,            )
                              )
vs.                           )    Case No. 12-2338-EFM-KGG
                              )
HARTLAND TRANSPORTATION,      )
OVERLAND TRANSPORTATION,      )
                              )
        Defendants.           )
                              )

## ORDER ON IFP STATUS

Plaintiff Rohit Craig filed a federal court Complaint based on diversity jurisdiction alleging that Defendants "[c]ollected and kept an insurance Check [sic] from a Vehicle Accident [sic] which the Plaintiff had, while working for the Defendants Corporation."  In conjunction with his Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 2, sealed), with an accompanying Affidavit of Financial Status (Doc. 2-1, sealed).  Having reviewed Plaintiff's motion, as well as his financial affidavit and Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to his financial affidavit, Plaintiff is 53-years-old and divorced with no listed dependants. (Doc. 2-1, at 1.) He is currently unemployed, but makes no mention of his previous employer and salary/wages. (*Id.*) He indicates that he owns a home and vehicle, out right, both with modest declared values. (*Id.*) He lists only a very small amount of cash on hand and no income from other sources such as government programs or gifts. (*Id.*, at 1-2.)

Plaintiff lists standard monthly expenses, although some of the amounts seem somewhat inflated (for instance, $550/month for "car insurance," which the

Court surmises is an annual or bi-annual amount). (*Id.*, at 2.) He has not filed for bankruptcy. (*Id.*, at 3.)

Considering all of the information contained in the financial affidavit, Plaintiff has significant yet reasonable monthly expenses with no stated monthly income. The Court is somewhat concerned that Plaintiff provides no explanation for how he meets this monthly monetary shortfall. Given his current financial situation, however, the Court finds that Plaintiff has established that he is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 2, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 2nd day of July, 2012.

   S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

3